**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-7687

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PETER PAUL, a/k/a Peter Paul Alexander, a/k/a
Sluggie, a/k/a Peter P. Alexander; a/k/a Mark
Eric Green; a/k/a Paul Eustance; a/k/a Derrick
Anderson, a/k/a Mark Harris,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, District
Judge.  (3:95-cr-00104-REP; 3:06-cv-00587-REP)

———————

Submitted:  December 21, 2006        Decided:  January 5, 2007

———————

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Peter Paul, Appellant Pro Se.  David John Novak, Office of the
United States Attorney, Richmond, Virginia.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter Paul seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2000) motion, and dismissing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Paul has not made the requisite showing. Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeal.

Additionally, we construe Paul's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to

- 2 -

file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Paul's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>